### WILLIAM RILEY, JR., *v.* CHARLES FILMORE ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—347.]

**Right to Homestead.**

> A homestead exemption can not be asserted by the owner of real estate so as to defeat a lien for the balance of purchase-money.

**What is Purchase-Money.**

> Money borrowed by the owner of real estate to pay off the balance of purchase-money thereof and used for that purpose, and a mortgage given to secure it, the lender being informed that the money is borrowed for such purpose, is purchase-money, and no

homestead plea can be interposed to an action for the enforcement of such mortgage lien.

## APPEAL FROM GREENUP CIRCUIT COURT.

### October 12, 1882.

OPINION BY JUDGE HARGIS:

Filmore bought 64 acres of land from Warnock and paid him all the purchase-money except $200, for which a note was executed and a lien retained on the land. The note was assigned to Ghent, who brought suit and recovered judgment for its amount and the sale of the land to pay it. The appellant, Riley, went with Filmore to Ghent's attorney and either paid or handed the money to Filmore, and he paid the residue of the purchase-money for which the judgment had been rendered but not executed. Filmore executed to Riley a mortgage on the land for the repayment to him of the money.

A second mortgage of the same character was executed, but Riley not being satisfied with their terms, which failed to express the contract between them, Filmore executed and acknowledged a third mortgage, which was duly recorded and in which the parties recited the purchase of the land by Filmore, the assignment of the purchase-money note to Ghent and his suit thereon, and stated that the money Riley had advanced was the remainder on the purchase-price of said lands. The mortgage then proceeds in the usual form, beginning, however, with this covenant: "Now in order to secure said Riley in the payment of said sum of $361.24, balance on purchase-money, the parties of the first part by way of mortgage," etc. Mrs. Filmore did not sign or acknowledge either of the mortgages.

Riley instituted suit on the third and last mortgage, obtained judgment foreclosing it, and directing the land to be sold, which was done, and he bought it. The sale was confirmed, deed made, and a writ of possession ordered and executed, placing him in possession of the land except ten acres which was not included in Riley's bid. Filmore and wife brought this action to recover a homestead in the land, it being worth less than $1,000, and they having been housekeepers with a family at and before the date of their eviction from the premises.

The only question is whether the court correctly adjudged to the appellees a homestead regardless of the appellant's claim that his demand is "for purchase-money due therefor." In the case of *Denny v. McAtee's Admr.*, p. 194, this volume, 3 Ky. L. 36, this court said: "The evidence is conclusive that the money was borrowed to pay for the land sought to be subjected, that it was so applied, and that it was at the time agreed that appellee's decedent should have a lien upon the land for its repayment. This was sufficient, as between the parties, to give a lien and to deprive appellant of his right to claim a homestead as against this demand. This demand is, under the spirit of the homestead-law, purchase-money." In *Bradley v. Curtis*, 2 Ky. L. 329, this court again said: "The right to a homestead is purely statutory, and without reference to liens or their priority in pursuance of the policy which forbids the consumption of another's substance in procuring a homestead without remunerating him, declares in effect that no homestead shall be exempt until the purchase-money therefor be paid."

The case before us presents a clear violation of the spirit of the exception embraced by the statute which declares that the homestead shall not be exempt from the payment of purchase-money due therefor. Filmore, by his solemn deed, which is not attacked either for fraud or mistake, admitted that the money which Riley either paid to or for him was a balance on purchase-money which he owed for the land, and to secure its repayment covenanted that Riley should have a lien by way of mortgage thereon. This record shows that Filmore agreed to pay Warnock $700 for the land and that he has paid only $200 of the purchase-money. He borrowed $300 from a neighbor and used it in paying Warnock and has never paid back any part of that sum. So he has paid $200 of his own means and $500 obtained from his neighbor, appellant, for the land which he now claims is his under the exemption law. Such dishonesty can not be sanctioned and the beneficent provisions of the homestead act prostituted to its support.

Where the evidence is clear, as in this case, that the money borrowed is to be used in paying off the purchase-money, and that intention is communicated to the lender at the time he makes the loan and the borrower agrees that he may look to and have a lien upon the land for repayment, and the money so ob-

tained is actually used in paying purchase-money due for the land, no homestead plea can be successfully interposed to an action for the enforcement of the lender's lien as his money has performed the office of paying the purchase-money, whose place it takes by the contract of the parties.

This doctrine does not contravene the policy of the homestead statute, but will result in much benefit to the heads of families who are too poor to pay for a homestead all at once by enabling them to borrow money and escape sacrifices which often result from sickness in the family or other unforeseen misfortunes. Besides this, it comports with the immutable principles of common justice and finds the place within the true spirit of the statute.

The purchase-money due to Ghent was only $220.70, with interest at six per cent. from Sept. 8, 1869. That sum, and no more, is due Riley as a lien upon the land, and as to the excess named in the mortgage it is made up of usury or other matters and the land was exempt from its payment. Upon the return of this cause the parties should be allowed to amend their pleadings and their demand for relief. In case they do so within a reasonable time judgment should be rendered for the $220.70 with legal interest from Sept. 8, 1869, and the lien therefor enforced by a sale of so much of the land as may be necessary to pay it, and the remainder of the land, if any after its payment, should be declared exempt from the balance of the appellant's claim. The appellant should be required to pay the costs incurred in the suit to foreclose the mortgage, and each party must pay his own cost which accrued in the circuit court, and the appellant has his costs on this appeal.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Geo. T. Halbert, for appellant.*

*T. H. Paynter, for appellees.*